UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAJUAN MARCELLOUS CANNON,

      Petitioner,                    Civil No. 2:21-CV-10907
                                          HONORABLE DENISE PAGE HOOD

v.

GREGORY SKIPPER,

      Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR
A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE
OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO
APPEAL *IN FORMA PAUPERIS***

      Jajuan Marcellous Cannon, ("Petitioner"), confined at the Michigan

Reformatory in Ionia, Michigan, filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction

for carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226;

felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and two

counts of possession of a firearm in the commission of a felony (felony-

firearm), second offense, Mich. Comp. Laws § 750.227b.  For the reasons

that follow, the petition for a writ of habeas corpus is **SUMMARILY**

**DISMISSED WITH PREJUDICE.**

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.  Petitioner was acquitted of open murder and a third felony-firearm count.

This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming his conviction, since they are presumed correct on habeas review. *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> At approximately 11:00 p.m., on May 6, 2018, defendant and a group of eight friends drove two cars to Dunedin Street in Detroit, Michigan, so that defendant could have a one-on-one fight with a man named Jamil. When the group arrived at Dunedin Street, they parked on an adjacent side street, Lamothe Street. Defendant, JayJuan Casey, Brandon Williams, and "Rez" exited one of the group's two cars and walked to the corner of Dunedin Street and Lamothe Street. The other friends remained in their car. Defendant, Williams, and Rez were each carrying a handgun and Casey was carrying an "AK." While standing at the corner, Rez pointed to the westside of Dunedin Street and defendant and Casey opened fire. Shots were returned from the westside of the street. Casey was shot twice in the back and fell to the ground. The group quickly left the area and Casey ultimately died from his injuries.
>
> ***************************************************************************
>
> The evidence at trial showed that defendant left the home on Coyle Street to go fight Jamil. Moody testified that he understood that defendant and Jamil were going to fistfight, but he also testified that defendant left the home on Coyle with a handgun, kept the handgun in the passenger compartment of the car as he rode to the Dunedin Street location, got out of the car with the handgun, and immediately walked to the corner of Dunedin

Street and Lamothe Street and began shooting his gun toward the westside of the street as soon as Casey started shooting.

*People v. Cannon*, No. 347438, 2020 WL 2790180, at *1, 2 (Mich. Ct. App. May 28, 2020).

Petitioner's conviction was affirmed. *Id., lv. den.*, 948 N.W.2d 583 (Mich. 2020).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The evidence was insufficient regarding the firearm counts.

II. Petitioner next argues that the trial court erred in assessing 25 points for OV 1 [of the Michigan Sentencing Guidelines]. Petitioner contend that the judge's conclusion that he discharged a weapon constituted impermissible judicial fact finding.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an
        unreasonable determination of the facts in light
        of the evidence presented in the State court
        proceeding.

A state court's decision is "contrary to" clearly established federal law
if the state court arrives at a conclusion opposite to that reached by the
Supreme Court on a question of law or if the state court decides a case
differently than the Supreme Court has on a set of materially
indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
An "unreasonable application" occurs when "a state court decision
unreasonably applies the law of [the Supreme Court] to the facts of a
prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ
simply because that court concludes in its independent judgment that the
relevant state-court decision applied clearly established federal law
erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral
review of a state-court decision must be consistent with the respect due
state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340
(2003).  The "AEDPA thus imposes a 'highly deferential standard for
evaluating state-court rulings,' and 'demands that state-court decisions be
given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)
(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)); *Woodford v.*

4

*Viscotti*, 537 U.S. 19, 24 (2002)(per curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.  A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal

habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999);

Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth

Circuit, in fact, long ago indicated that they "disapprove the practice of

issuing a show cause order [to the respondent] until after the District Court

first has made a careful examination of the petition." *Allen v. Perini,* 424

F.2d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to

screen out any habeas corpus petition which lacks merit on its face. *Id.* at

141.  No return to a habeas petition is necessary when the petition is

frivolous, or obviously lacks merit, or where the necessary facts can be

determined from the petition itself without consideration of a return by the

state. *Id.*

After undertaking the review required by Rule 4, this Court concludes,

for reasons stated in greater detail below, that petitioner's sufficiency of

evidence claim is meritless, such that the petition must be summarily

dismissed. *See Banks v. Rivard*, 760 F. Supp. 2d 724, 726 (E.D. Mich.

2010).  This Court also concludes that petitioner's sentencing claim does

not entitle him to habeas relief, such that the petition must be summarily

dismissed. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich.

2004).

6

## III. Discussion

### A. Claim # 1.  The sufficiency of evidence claim.

Petitioner contends that the evidence was insufficient to convict him of the firearms charges.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the crucial question on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). A court need not "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court cannot overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal

7

court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003).

The elements of carrying a weapon with unlawful intent under Michigan law are "(1) carrying a firearm or dangerous weapon, (2) with the intent to unlawfully use the weapon against another person." *United States v. Martin*, 166 F. Supp. 3d 900, 902 (E.D. Mich. 2015)(quoting *People v. Mitchell*, 301 Mich. App. 282, 292, 835 N.W.2d 615, 621 (2013)(quoting *People v. Harrington*, 194 Mich. App. 424, 428, 487 N.W.2d 479, 483 (1992))(emphasis omitted).  The elements of felony-firearm are that the defendant possessed a firearm while committing, or while attempting to commit, a felony offense. See *Parker v. Renico,* 506 F.3d 444, 448 (6th Cir. 2007).  The elements of felon in possession of a firearm in Michigan are: (1) that the defendant was convicted of a felony, (2) that the defendant possessed a firearm, and (3) that at the time of possession less than three or five years, depending on the underlying felony, has passed since the defendant had completed his term of incarceration, satisfied all conditions of probation and parole, and paid all fines. *Id.*

Petitioner does not contend that the evidence, if believed, would not establish the elements of the offenses.  Instead, he argues that the evidence is insufficient to convict him of the firearms offenses because the witnesses who testified against him at trial, Karlos Ross and Dante Moody, were not credible and their testimony was impeached with their prior

9

inconsistent statements.  Petitioner also claims that the testimony of these two witnesses was rebutted by the testimony of Jovanna Owens, who was at the corner of Dunedin and Lamothe Streets when the shooting took place but did not identify petitioner as the shooter.  Petitioner also notes that a police detective testified that petitioner's cellular telephone records did not show him near Dunedin Street at the time of the shooting. Petitioner further argues that the verdict should be set aside because it was inconsistent with the jury's decision to acquit him of the murder charge.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. See *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. See *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000).  To the extent that petitioner's sufficiency of evidence claim rests on an allegation of the witnesses' credibility, which is the province of the finder of fact, petitioner is not entitled to habeas relief on his claim. See *Tyler v. Mitchell,* 416 F.3d 500, 505 (6th Cir. 2005).  The two witnesses' testimony that petitioner was armed with a firearm is sufficient by itself to support petitioner's firearm convictions. *See e.g. Hudson v. Lafler*, 421 F. App'x 619, 626 (6th Cir. 2011).

10

The mere fact that Ross's and Moody's trial testimony was impeached with their prior inconsistent statements and the testimony of other witnesses does not change this Court's analysis of petitioner's sufficiency of evidence claim.  A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos,* 565 U.S. at 7 (quoting *Jackson v. Virginia,* 443 U.S. at 326). This Court presumes that the trier of fact resolved the conflicts in favor of the prosecution and defers to that resolution.

Petitioner's claim that the jury's verdict was inconsistent because they convicted him of the firearms convictions but acquitted him of the murder charge is non-cognizable on habeas review.  Inconsistency in a verdict is an insufficient reason for setting a verdict aside. *Harris v. Rivera,* 454 U.S. 339, 345 (1981); s*ee also Mapes v. Coyle*, 171 F.3d 408, 419-20 (6th Cir. 1999). Further, the possibility that an inconsistent verdict may favor a criminal defendant as well as a prosecutor "militates against review of such convictions at the defendant's behest." *United States v. Powell,* 469 U.S. 57, 65 (1984).  An inconsistent verdict might be the result of lenity on

11

the part of the factfinder, coupled with the fact that the prosecutor is

unable to obtain appellate review of a conviction, "suggests that

inconsistent verdicts should not be reviewable." *Id.*  Petitioner is not

entitled to relief on his first claim.

### B. Claim # 2.  The sentencing guidelines claim.

Petitioner alleges that the trial court judge erroneously scored several

offense variables (OV) under Michigan's sentencing guidelines.  Petitioner

also claims that the trial judge violated his Sixth Amendment right to a trial

by jury by using factors that had not been proven beyond a reasonable

doubt or admitted to by petitioner in scoring these offense variables.

Petitioner's claim that the state trial court incorrectly scored or

calculated his sentencing guidelines range under the Michigan Sentencing

Guidelines is non-cognizable on federal habeas review, because it is

basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th

Cir. 2007)*; Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003).  Errors in

the application of state sentencing guidelines cannot independently support

habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

Petitioner further argues that the trial court judge violated his Sixth

Amendment right to a trial by jury by using factors that had not been

submitted to a jury and proven beyond a reasonable doubt or admitted to by petitioner when scoring the offense variables.

On June 17, 2013, the United States Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013).  *Alleyne* expands the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker,* 543 U.S. 220 (2005), in which the U.S. Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne,* 570 U.S. at 106-07.  The Supreme Court, however, indicated that the ruling in *Alleyne* did not mean that every fact influencing judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id.* at 116.

13

The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *See People v. Lockridge,* 498 Mich. 358, 870 N.W.2d 502 (Mich. 2015).  The Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines scheme violated the Sixth Amendment, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*." *Lockridge*, 498 Mich. at 364 (emphasis in original).  The Michigan Supreme Court's remedy for the unconstitutionality of the Michigan guidelines was to sever and strike the mandatory component of the guidelines and make the guidelines advisory only. *Id.* 498 Mich. at 391-92 (relying on *Booker*, 543 U.S. at 264-265 (holding that the remedy for the unconstitutionality of the mandatory federal sentencing guidelines was to sever only the mandatory component, still requiring courts to consider the guidelines, but making them advisory and subject to review for reasonableness)).

The Sixth Circuit recently granted habeas relief on a challenge to Michigan's sentencing guidelines, holding that the United States Supreme

Court's decision in *Alleyne* clearly established that Michigan's *mandatory* minimum sentencing scheme was unconstitutional. *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th. Cir.  2018)(emphasis added).  In so ruling, the Sixth Circuit concluded that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id.* at 716 (citing *Alleyne*, 570 U.S. at 111-12).

Petitioner's case is distinguishable from the petitioner's case in *Robinson* because he was sentenced on December 19, 2018 (ECF No. 1-1), after the Michigan Supreme Court in *Lockridge* ruled that Michigan's sentencing guidelines are no longer mandatory, but should only be used in an advisory capacity.  Purely advisory applications of the sentencing guidelines do not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment.  We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."); *see also Apprendi v. New Jersey*, 530 U.S. 466, 481-82 (2000)(reiterating that "'a sentence imposed by a federal district judge, if

15

*within statutory limits*, is generally not subject to review'")(emphasis added)(quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)); *United States v. Cook,* 453 F.3d 775, 777 (6th Cir. 2006)(Defendant's sentencing in federal court based on facts other than those rendered in the verdict or admitted by defendant did not violate his Sixth Amendment right to trial by jury, since defendant was sentenced under advisory, rather than mandatory sentencing guidelines).

Petitioner is not entitled to habeas relief because the minimum sentence that he challenges was imposed by the state trial court when it was clear under Michigan law that the trial court must treat as advisory the Michigan guidelines for imposing a minimum sentence. *See e.g. Reign v. Gidley*, 929 F.3d 777, 780-781 (6th Cir. 2019), *reh'g denied* (July 31, 2019)(petitioner not entitled to habeas relief where trial court on a *Lockridge* remand from the Michigan Supreme Court declined to hold another re-sentencing hearing, after concluding that he would have imposed the same sentence under the now advisory guidelines range). "After *Lockridge*, a trial court's imposition of a sentence, no matter how it may be guided by the sentencing guidelines, represents an exercise of the court's discretion." *Fitzgerald v. Trierweiler*, No. 1:17-CV-435, 2017 WL 2790710, at *7 (W.D. Mich. June 28, 2017).  Because petitioner was

16

sentenced after the decision in *Lockridge,* the sentencing guidelines were no longer mandatory but advisory, thus, the sentence imposed was an exercise of the judge's discretion. *Id.* "Facts the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Id.* The Michigan courts thus reasonably rejected petitioner's Sixth Amendment claim. *Id.*

## IV. Conclusion

For the reasons discussed, state court adjudication of the petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Nor did the state court adjudication result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This Court concludes that the petitioner is not entitled to federal habeas relief on the claims contained in his petition.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues

presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

This Court denies a certificate of appealability because reasonable jurists would not find this Court's assessment of the claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. at 484.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a).

"Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## V.  <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that:

(1) the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

(2) a certificate of appealability is **DENIED**.

(3) Leave to appeal *in forma pauperis* is **GRANTED**.

<u>s/Denise Page Hood</u>
Chief Judge, United States District

Dated:  December 7, 2021

19